T.C. Summary Opinion 2001-147


UNITED STATES TAX COURT


ALAN L. LEVITT, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15055-99S.               Filed September 20, 2001.


Alan L. Levitt, pro se.

Ross M. Greenberg, for respondent.


PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $15,695, an addition to tax under section 6651(a)(1) of $3,105, and an accuracy-related penalty under section 6662(a) of $3,139 for tax year 1994. After concessions,[1] the issues for decision are: (1) Whether petitioner is entitled to a deduction on Schedule A, Itemized Deductions, for employee business expenses; (2) whether petitioner is entitled to various deductions on Schedule C, Profit or Loss From Business, in excess of the amounts allowed by respondent; (3) whether petitioner is liable for an addition to tax under section 6651(a)(1); and (4) whether petitioner is liable for an accuracy-related penalty under section 6662(a).

## Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing his petition, petitioner resided in Clearwater Beach, Florida.

---

[1] Respondent determined that petitioner failed to include Social Security income of $23,489. The increase of taxable Social Security benefits resulted from a change in petitioner's adjusted gross income. This is a computational adjustment that will be determined by the outcome of this case.

Respondent also determined that petitioner was not entitled to a deduction of $41 for the rent or lease of vehicles, machinery, and equipment. Petitioner did not present evidence as to this issue. As a result, petitioner is deemed to have conceded this issue. Rules 142(a), 149(b); Burris v. Commissioner, T.C. Memo. 2001-49.

Petitioner received a bachelor's degree in business administration from the University of Miami in 1973. Petitioner holds himself out as a "degreed accountant". Petitioner was an Internal Revenue Service agent for less than a year in the late 1970s or early 1980s.

At the beginning of 1994, petitioner was employed by Circus Circus in Reno, Nevada, as a casino dealer. Petitioner separated from his wife and moved to Las Vegas, Nevada, by the end of January 1994. Petitioner was then employed by MGM Grand Hotel, Inc. (MGM), where he worked as a casino dealer. Petitioner dealt blackjack and operated roulette, and he was promoted to a casino table games supervisor by the end of 1994.

Petitioner was also the sole proprietor of two activities during the year at issue: Beverly Hills Tax Consulting/Levitt Tax (BHTC) and Beverly Hills Sportscards & Movie Memorabilia (BHSMM). BHTC and BHSMM shared an office on South Robertson Boulevard in Beverly Hills, California. BHTC also had an office in Las Vegas. Petitioner maintained a separate checking account for each activity. During the tax filing season, petitioner prepared returns during the day and worked the swing shift at the casino.

In 1995, petitioner applied for a mortgage with Countrywide Mortgage Company (Countrywide). Petitioner submitted to

Countrywide a copy of what he claimed was his 1994 Federal income tax return (unfiled return).

Petitioner is a calendar year taxpayer who employed the cash method of accounting. Petitioner filed his 1994 Federal income tax return on October 18, 1996. Petitioner itemized his deductions on Schedule A, Itemized Deductions, and as relevant to this case, he deducted $2,667 for attorney's and accounting fees. On Schedule C, Profit or Loss From Business, for BHTC, petitioner reported gross income of $17,475. Petitioner also claimed deductions for expenses relating to BHTC as follows:

| Expense | Amount |
|---|---|
| Advertising | $4,441 |
| Car and truck | 6,965 |
| Commissions and fees | 1,194 |
| Depreciation | 2,403 |
| Legal and professional | 425 |
| Office | 2,014 |
| Rent or lease (other business property) | 4,320 |
| Repairs and maintenance | 431 |
| Supplies | 306 |
| Taxes and licenses | 167 |
| Travel, meals and entertainment | 3,608 |
| Utilities | 5,206 |
| Wages | 250 |
| Bank service charge | 288 |
| Newspaper and magazine subscription | 137 |
| | 32,155 |

Petitioner did not attach a depreciation schedule to his return.

On Schedule C for BHSMM, petitioner reported gross receipts of $16,820. Petitioner also reported cost of goods sold of $11,204 and claimed deductions of $4,606 for various expenses.

Respondent mailed a notice of deficiency to petitioner on June 18, 1999. Respondent disallowed the attorney's and accounting fees deduction claimed on Schedule A and also disallowed all of the claimed deductions on Schedule C for BHTC, on the basis that petitioner failed to establish that he paid or incurred the expenses, and that the expenses were not ordinary and necessary to his business. Respondent also determined that petitioner was liable for the addition to tax under section 6651(a)(1) and the accuracy-related penalty under section 6662(a).

Discussion

A. General

At the time of filing the petition, petitioner filed a Designation of Place of Trial, designating Tampa, Florida. By notice dated February 3, 2000, this case was set for trial at a Tampa, Florida, trial session of this Court scheduled to commence on April 24, 2000. On March 31, 2000, petitioner filed a Motion to Continue Trial Generally, which was granted. By notice dated December 8, 2000, this case was again set for trial at a Tampa, Florida, trial session scheduled to commence February 26, 2001. A few days before the February 26, 2001, trial calendar, the Court held a teleconference with petitioner and respondent. Petitioner requested that the trial be continued. Petitioner asserted that he had moved to Las Vegas and was unable to appear

at trial due to a disability. The Court did not grant petitioner's request for a continuance. The Court indicated that the case would be called at the calendar call and that the Court expected petitioner to appear. When the case was called at the calendar call, petitioner did not appear. Counsel for respondent appeared and reported that petitioner was seen by a third party in the Tampa, Florida, area the Friday before the Monday calendar call. The Court set the case for recall at a date later in the calendar. Petitioner was advised by telephone on the afternoon of the calendar call of the date and time of the recall. During the telephone conversation, petitioner again suggested that he was located in Las Vegas prior to and on the date of the call of the calendar. The Court suggested to petitioner that his case might be dismissed if he failed to appear and prosecute the matter. When petitioner later appeared at the trial session, he did not refute respondent's claim as to his presence in the Tampa, Florida, area.

During the aforementioned conference call, petitioner also requested a continuance claiming that he did not receive any of the notices from respondent and the Court regarding the trial. Petitioner claimed that he resided in Nevada and not Florida during 1999 and 2000, despite the fact that he filed a petition in 1999 with the Clearwater, Florida, address. Further, in his motion to continue dated March 31, 2000, petitioner used a

Florida, address in his correspondence with the Court. Petitioner did not notify the Court of a change of address.

At trial, the Court received a copy of the unfiled 1994 return which had been submitted to Countrywide. Petitioner prepared and signed under penalty of perjury the unfiled return, and he used it in support of a mortgage application with Countrywide Mortgage Company. On the unfiled return, petitioner reported gross income of $46,850 on the Schedule C for BHTC, as opposed to gross income of $17,475 as reported on the return filed with the Internal Revenue Service. Petitioner also reported a profit of $11,687 for BHTC on the unfiled return, as opposed to a loss of $14,721 as reported on the filed return.

We find that many of petitioner's representations and his uncorroborated testimony are patently unreliable.[2] The Court is not persuaded by petitioner's belated rationalizations in explaining his conduct and claimed deductions. Based on petitioner's misrepresentations, the Court had some difficulty discerning the truth of petitioner's assertions or accuracy as to the claimed deductions for expenses. It appears likely that petitioner underreported income and overstated deductions. As respondent has neither alleged that petitioner omitted income nor

---

[2] Sec. 7491 does not affect the burden of proof where the taxpayer fails to produce credible evidence or substantiate deductions. Higbee v. Commissioner, 116 T.C. 438 (2001).

asserted an increased deficiency, we do not address this issue. Sec. 6214(a); Rule 142(a).

### B. Schedule A Deductions

Petitioner deducted legal and accounting expenses of $2,667. At trial, petitioner testified that the amount relates to clothing he purchased for work at MGM.

Work clothing may be deductible under section 162 if a taxpayer can establish the following:  (1) The clothing was required or essential in the taxpayer's employment; (2) the clothing was not suitable for general or personal wear; (3) and the clothing was not so worn.  Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958); Kozera v. Commissioner, T.C. Memo. 1986-604.

Petitioner testified that MGM required petitioner to purchase black shoes.  Petitioner purchased Dr. Scholl's shoes. The record does not indicate that the shoes were not suitable for general or personal wear.  Therefore, petitioner is not entitled to a deduction for the cost of shoes.

Petitioner testified that he was required to purchase and maintain tuxedo shirts with MGM's logo.  Petitioner provided receipts totaling $253.08 for 13 shirts.  Petitioner has satisfied the elements under Yeomans v. Commissioner, supra; therefore, he is entitled to a deduction for the costs of the 13 shirts.

Petitioner testified that he had his shirts and the vests provided by MGM dry cleaned. He claimed that he paid $22 per week to maintain the tuxedo shirts and $25 per week to clean the vests. However, petitioner provided one receipt of $3.85 for dry cleaning. We may estimate the amount of expenses, so long as petitioner provides evidence upon which we can base an estimate. Rodman v. Commissioner, 542 F.2d 845, 853 (2d Cir. 1976), affg. T.C. Memo. 1973-277; Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Petitioner provided little evidence other than his vague, undocumented testimony. Nevertheless, we have no doubt he must have incurred some expenses for cleaning the vests and shirts. Using our best estimate, we allow $250 for dry cleaning.

We find that petitioner is entitled to deduct $503.08 for his uniform and dry cleaning expenses. However, after concessions and our findings, petitioner's itemized deductions for 1994 do not exceed the standard deduction. Sec. 63(c); Cotton v. Commissioner, T.C. Memo. 2000-333. Therefore, it is more advantageous for petitioner to claim the standard deduction as allowed by respondent in the notice of deficiency. respondent's determination is sustained.

C. Schedule C Deductions

1. Sections 162 and 274

Section 162(a) permits a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in

carrying on a trade or business. Expenses that are personal in nature are generally not allowed as deductions. Sec. 262(a). A taxpayer is required to maintain records sufficient to establish the amount of his income and deductions. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. A taxpayer must substantiate his deductions by maintaining sufficient books and records to be entitled to a deduction under section 162(a).

When a taxpayer establishes that he has incurred a deductible expense but is unable to substantiate the exact amount, we are permitted to estimate the deductible amount. Cohan v. Commissioner, supra. We can estimate the amount of the deductible expense only when the taxpayer provides evidence sufficient to establish a rational basis upon which the estimate can be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Section 274(d) supersedes the general rule of Cohan v. Commissioner, supra, and prohibits the Court from estimating the taxpayer's expenses with respect to certain items. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). Section 274(d) imposes strict substantiation requirements for listed property as defined in section 280F(d)(4), gifts, travel, entertainment, and meal expenses. Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). To obtain a deduction for a listed property, travel, meal, or entertainment expense, a taxpayer must

substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own testimony the amount of the expense, the time and place of the use, the business purpose of the use and, in the case of entertainment, the business relationship to the taxpayer of each person entertained. Sec. 274(d); sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Section 274 requires that expenses be recorded at or near the time when the expense is incurred. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Canceled checks will not ordinarily constitute adequate documentary evidence because they do not contain sufficient detail regarding the specific items constituting the expenditures. Rice v. Commissioner, T.C. Memo. 1994-204. If a taxpayer is unable to fulfill the requirements of section 274(d), he is not entitled to the deduction.

### 2. Advertising

Petitioner deducted $4,441 for advertising. Respondent concedes that petitioner substantiated $201.87 for advertising. At trial, petitioner testified that he sent Christmas cards to his clients. Petitioner also testified that he included postage in his computation of advertising expenses, such as amounts arising from mailing his clients' tax returns via Federal Express. In addition, petitioner claims he purchased personalized pens.

A taxpayer may deduct ordinary and necessary advertising expenses related to the taxpayer's trade or business. RJR Nabisco, Inc. v. Commissioner, T.C. Memo. 1998-252. Other than petitioner's general testimony regarding advertising, petitioner failed to provide a rational basis upon which we can base an estimate as to the amount petitioner paid for advertising. Petitioner submitted a Christmas card and a past due invoice for the pens. The record does not indicate that petitioner in fact paid the delinquent amount. Therefore, petitioner is entitled to deduct $201.87 for advertising.

### 3. Car and Truck Expenses

Petitioner deducted $6,965 for car and truck expenses. Petitioner owned a Mercedes, and he testified that he drove it between Reno, Las Vegas, and Beverly Hills. Petitioner claimed that he maintained a travel diary, but he did not present it at trial. Petitioner did not present any receipts at trial regarding his car and truck expenses.

Listed property includes passenger automobiles. Sec. 280F(f)(4)(A)(i). Petitioner therefore must meet the strict requirements of section 274 to be entitled to a deduction related to car expenses. Petitioner failed to establish the amount of the expense, the time and place of each use, and the business purpose of the use of the Mercedes. Petitioner did not provide

any documents to support his vague and illusory testimony.  We sustain respondent's determination.

### 4. Commissions and Fees

Petitioner deducted $1,194 for commissions and fees.  At trial, petitioner testified that he paid clients referral fees for new clients.  Petitioner did not present any documents or other evidence as to this deduction.  Petitioner failed to provide the Court with evidence sufficient to establish a rational basis upon which an estimate can be made.  We sustain respondent's determination.

### 5. Depreciation

Petitioner deducted $2,403 for depreciation.  Petitioner did not attach a Form 4562, Depreciation and Amortization, to his Federal income tax return.  At trial, petitioner submitted a list entitled "Schedule C Depreciation".  Petitioner depreciated two computers, a laser printer, a calculator, a fax machine, various pieces of furniture, and a Mercedes.  For the reasons previously stated, petitioner is not entitled to a depreciation deduction for his Mercedes.

Of the items listed on the schedule, only some of the furniture and one of the computers, an Apple Macintosh LC III, were purchased in 1994.  A computer is a listed property under section 280F(d)(4)(iv), and a taxpayer must meet the strict substantiation requirements of section 274(d).  Petitioner

produced a receipt for the computer evidencing the amount and date of purchase. However, petitioner did not establish the extent of the personal versus business use of the computer. Sec. 1.274-5T(c)(2)(ii)(C), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).[3] Therefore, petitioner is not entitled to depreciate the Apple Macintosh LC III computer.

Petitioner provided canceled checks and a receipt for furniture purchased in 1994. Petitioner testified that he purchased the furniture for use in his waiting room. Petitioner purchased an armoire for $106.99 and chairs for $240.74. Petitioner is entitled to a depreciation deduction for these expenses.

As to the items purchased prior to 1994, petitioner did not produce documents or other evidence. We do not find petitioner's unsupported self-serving testimony and document to be credible. Niedringhaus v. Commissioner, 99 T.C. 202, 219-220 (1992); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). We sustain respondent's determination as to the items purchased prior to petitioner's 1994 tax year.

### 6. Legal and Professional Expenses

Petitioner deducted $425 for legal expenses. Petitioner did not have any records regarding this deduction. Petitioner

---

[3] In addition, petitioner failed to establish that the use of the computer was related to his trade or business.

testified that the expenses may have related to the collection of fees from clients. Petitioner did not present any documents or other evidence as to this deduction. Petitioner failed to provide the Court with evidence sufficient to establish a rational basis upon which an estimate can be made. We sustain respondent's determination.

### 7. Office Expense

Petitioner deducted $2,014 for office expenses. At trial, petitioner produced numerous receipts for items such as frames, video repair, bottled water, flowers, books purchased at Waldenbooks, videos, candy, and numerous purchases from Kinko's. The record is silent as to whether these expenses are related to petitioner's trade or business, and we sustain respondent's determination as to these items.

Petitioner submitted a receipt of $177.83 for business cards and $19.25 for an address stamp. We hold that petitioner is entitled to deduct these amounts.

Petitioner produced receipts of $26.45 and $157.23 for the purchase of Macintax software manufactured by Chipsoft. Petitioner also purchased Turbotax software for $69.85. Computer software (software) is generally not currently deductible. Rev. Proc. 69-21, 1969-2 C.B. 303. Section 197 provides that software purchased by a taxpayer is amortizable over 15 years. Sec. 197(d). However, software that is readily available for purchase

by the general public, is subject to a nonexclusive license, has not been substantially modified, and is not part of the acquisition of a trade or business (canned software), is not a section 197 asset and is not subject to the lengthy amortization requirement. Sec. 197(e)(3). A taxpayer may depreciate canned software by employing the straight-line method with a useful life of 3 years. Sec. 167(f)(1)(A). Therefore, petitioner is entitled to a depreciation deduction for the three items of software.

Otherwise, we sustain respondent's determination as to the remaining amount for office expenses.

8. Rent

Petitioner deducted $4,320 for rent of an office and storage space for records. Respondent concedes that petitioner substantiated $1,387 for office rent. Petitioner provided canceled checks of $3,070 for office rent. Petitioner is entitled to a deduction of $3,070 for office rent.

Petitioner presented canceled checks payable to Public Storage. The first check of January 10, 1994, was drawn from BHSMM's checking account. The remaining checks were from BHTC's checking account. Petitioner testified that he rented a public storage lot to store documents related to BHTC. The Court is unable to determine whether the storage unit was related to BHTC's trade or business. We do not find petitioner's

unsupported, self-serving testimony to be credible.  <u>Niedringhaus</u> <u>v. Commissioner</u>, <u>supra</u>; <u>Tokarski v. Commissioner</u>, <u>supra</u>. Therefore, petitioner is not entitled to a deduction for the storage unit.

### 9.  Repairs

Petitioner deducted $431 for repairs and maintenance. Respondent conceded that petitioner is entitled to deduct $110. The repairs relate to petitioner's printer.  Petitioner substantiated $270.31 for repairs, and he is entitled to a deduction in that amount.

One of the repair receipts relates to "Clickart Company" software.  The record does not indicate how this software is related to petitioner's trade or business.  Therefore, petitioner is not entitled to a deduction for the software.[4]

### 10.  Supplies

Petitioner deducted $306 for supplies.  At trial, petitioner testified as follows: "Office supplies would have been fax paper, basically the--maybe the toner for the fax machine.  Things like that."  Petitioner did not provide documents or other evidence regarding supplies.  Petitioner failed to provide the Court with evidence sufficient to establish a rational basis upon which an estimate can be made.  We sustain respondent's determination.

---

[4]  Even if the software related to petitioner's trade or business, he would not be entitled to a current deduction for the full amount.  Secs. 167(f)(1), 197(d).

### 11.  Taxes and Licenses

Petitioner deducted $167 for a City of Beverly Hills business license.  Petitioner provided documents establishing that he paid $156 for the business license.  Petitioner did not provide additional evidence or testimony to establish that he was entitled to deduct additional amounts for taxes and licenses. Therefore, petitioner is entitled to a deduction of $156.

### 12.  Travel, Meals, and Entertainment

Petitioner deducted $2,361 for travel and $1,247 for meals and entertainment.  Petitioner provided numerous receipts for concerts, movies, and sporting events.  For example, petitioner deducted season tickets for a college basketball team.  However, only some of the receipts contained the handwritten name of an individual.

Travel, meals, and entertainment expenses are subject to the strict substantiation requirements of section 274(d).  None of the receipts contain a description of the business purpose of the expense or the business relationship of petitioner to the individual listed on the receipts.  As such, these expenses are personal in nature and therefore not deductible.  Sec. 262(a).

### 13. Utilities

Petitioner deducted $5,206 for utilities.  At trial, petitioner testified that the expense relates to power and telephone expenses.  Some of the telephone expenses relate to petitioner's use of a cellular phone.  A cellular phone is a listed property, and expenses related to a cellular phone are subject to the strict substantiation requirements of section 274(d).

Petitioner did not provide any evidence to establish that the utility expenses related to either BHTC or BHSMM.  As to the cellular phone expenses, petitioner failed to meet the requirements of section 274(d).  Therefore, we sustain respondent's determination.

### 14. Wages

Petitioner deducted $250 for wages.  Petitioner testified that he paid his former wife for typing services.  However, petitioner did not provide documents or other evidence to corroborate his testimony.  Petitioner failed to provide the Court with evidence sufficient to establish a rational basis upon which an estimate can be made.  We sustain respondent's determination.

### 15. Other Expenses

Petitioner deducted other expenses of $137 for newspapers and professional magazines and $288 for bank service charges.

Respondent conceded that petitioner substantiated the full subscription expense.

Petitioner provided vague testimony as to the bank service charge, and he did not submit any other evidence regarding the deduction. Petitioner failed to provide the Court with evidence sufficient to establish a rational basis upon which an estimate can be made. Petitioner is entitled to deduct other expenses of $137.

D. Addition to Tax

Respondent determined that petitioner is liable for the addition to tax under section 6651(a) for failure to file a timely return for the 1994 taxable year.

Section 6651(a)(1) provides for an addition to tax for failure to file a timely return. The addition to tax is equal to 5 percent of the amount required to be shown as tax on the return, with an additional 5 percent for each additional month or fraction thereof that the return is filed late, not exceeding 25 percent in the aggregate.

A taxpayer may avoid the addition to tax by establishing that the failure to file a timely return was due to reasonable cause and not willful neglect. Rule 142(a); United States v. Boyle, 469 U.S. 241, 245-246 (1985); Higbee v. Commissioner, 116 T.C. 438 (2001). A failure to file is due to "reasonable cause" if the taxpayer exercised ordinary business care and prudence and

was, nevertheless, unable to file his return within the date prescribed by law. <u>Crocker v. Commissioner</u>, 92 T.C. 899, 913 (1989); <u>Estate of Vriniotis v. Commissioner</u>, 79 T.C. 298, 310 (1982); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect is viewed as a conscious, intentional failure or reckless indifference to the obligation to file. <u>United States v. Boyle</u>, <u>supra</u>.

Petitioner filed his 1994 tax return on October 18, 1996. Petitioner has not provided any explanation for the late filing of the return. Petitioner did not address the issue in his pleadings or his testimony. Petitioner has not established his late filing of his 1994 Federal income tax return was due to reasonable cause and not willful neglect. Accordingly, we hold petitioner is liable for the addition to tax under section 6651(a).

E. Accuracy-Related Penalty

Respondent determined petitioner is liable for the accuracy-related penalty under section 6662(a) for 1996. The accuracy-related penalty is equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). "Negligence" consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and also includes any

failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); 1.6662-3(b)(1), Income Tax Regs. "Disregard" consists of any careless, reckless, or intentional disregard. Sec. 6662(c).

An exception applies to the accuracy-related penalty when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) he acted in good faith with respect to such underpayment. Sec. 6664(c). Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability. Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. Section 1.6664-4(b)(1), Income Tax Regs., specifically provides: "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of * * * the experience, knowledge, and education of the taxpayer." Neely v. Commissioner, 85 T.C. 934 (1985).

It is the taxpayer's responsibility to establish that he is not liable for the accuracy-related penalty imposed by section 6662(a). Rule 142(a); Higbee v. Commissioner, supra; Tweeddale v. Commissioner, 92 T.C. 501, 505 (1989). Petitioner did not address this issue at trial or in any pleadings. Petitioner claimed deductions that he failed to explain or substantiate.

Further, petitioner attempted to deduct numerous personal expenses as business expenses without any basis in fact or law. Petitioner is an accountant who presumably is familiar with the provisions of the Internal Revenue Code applicable to his case, particularly the recordkeeping requirements; yet he disregarded the applicable law in preparing his Federal income tax return. On the basis of the entire record, we conclude petitioner has not established that the underpayment was due to reasonable cause or that he acted in good faith.  Accordingly, we hold petitioner is liable for the accuracy-related penalty.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.